BOWERY REALTY COMPANY, appellant,

*v.*

HENRY C. COPELAND, respondent.

[Decided October 17th, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"This bill was filed to reform a purchase-money mortgage given by complainant to defendant, who filed an answer and

counter-claim alleging default in the mortgage and praying a foreclosure. The complainant filed an answer to the counter-claim. The defendant now moves to strike out the bill and answer to the counter-claim on the ground that the bill shows no equity and that the answer to the counter-claim is sham and frivolous. The facts, as disclosed by the affidavits and answering affidavits, are that the defendant, as vendor, and the complainant, as vendee, entered into a written agreement of sale of certain lands in Bergen county for the sum of $225,000. Of this amount $2,500 was paid on execution of the contract, $2,500 on settlement, and the balance of $220,000 by a purchase-money mortgage in that amount payable in stipulated installments. The mortgage contained a provision that the mortgagor should have the privilege of purchase or cancellation of the mortgage upon the payment of $120,000 in cash on or before the expiration of one year from July 22d, 1925, the date originally fixed for settlement. After the contract was executed the settlement date was changed to October 22d, 1925, and settlement was made accordingly on that date by delivery of deed and purchase-money mortgage. The provision for purchase or cancellation of the mortgage above referred to was also contained in the written contract of purchase. The agreement also contained a provision that the title was to be taken subject to certain exceptions in a title policy held by the vendor and covering the premises the subject of the sale. Some months after settlement it was discovered that the date named in the mortgage for redemption or cancellation at the reduced amount was one year from July 22d, 1925, the date originally fixed in the contract for settlement, instead of one year from October 22d, 1925, the final settlement date, and this was corrected by means of a letter from defendant to complainant. Nothing else affecting the rights of the parties transpired until October 22d, 1926, when the complainant filed his bill alleging numerous defects in the title, without specifically naming them, and a mistake in the terms of the mortgage; that it was the intention of the parties to provide for cancellation or purchase thereof at the reduced price of $120,000 within one year after

complete and perfect title delivered and after all defects and exceptions were removed, and praying a reformation of the mortgage. The counter-claim alleged default in payment of the installments and interest on the mortgage and elected that the whole principal sum should become due. No eviction by title paramount is alleged in the complaint. The affidavits and answering affidavits indicate clearly that there are no defects in the title of a serious nature other than those specified in the title policy exceptions hereinabove referred to. Such exceptions or defects as are not mentioned in the title policy referred to in the agreement of sale are admittedly capable of being cleared up by affidavits and quit-claim deeds which the defendant is willing to furnish and which had been actually prepared for execution prior to the filing of this bill of complaint. There is not a single fact alleged in the bill or answer to the counter-claim which is indicative of either mistake or fraud such as would warrant a reformation of the mortgage and the defendant's affidavits and the documentary evidence used on this motion are clear and convincing to the effect that the bill is without equity and the answer to the counter-claim sham and frivolous. The answering affidavits are purely argumentative and of little or no probative force. The motion will therefore be granted."

*Mr. I. Benjamin Glueckfield,* for the appellant.

*Mr. Julian C. Harrison,* for the respondent.

PER CURIAM.

The decree order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.